Opinion issued April
12, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-01111-CR

____________

 








ERROL AKEEM JULIEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 1316778

 




 
 
 
 
 
 
 


 



MEMORANDUM
OPINION








          Appellant,
Errol Akeem Julien, pleaded guilty to the felony offense of aggravated robbery
with a deadly weapon, pursuant to an agreed punishment recommendation of
confinement for eight years.  The trial
court found appellant guilty and, in accordance with the terms of appellant’s
plea agreement with the State, sentenced appellant to confinement for eight
years.  We dismiss the appeal. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certification
is included in the record on appeal. See
id.  The trial court’s certification
states that this is a plea bargain case and that the defendant has no right of
appeal.  See Tex. R. App. P.
25.2(a)(2).  The record supports the trial
court’s certification. See Dears v. State,
154 S.W.3d 610, 615 (Tex. Crim. App. 2005). 
Because appellant has no right of appeal, we must dismiss this appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeal for
want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).